ACCEPTED
03-15-00270-CV
5229685
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/11/2015 12:44:02 PM
JEFFREY D. KYLE
CLERK

NO. 03-15-00270-CV

_____

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/11/2015 12:44:02 PM
JEFFREY D. KYLE
Clerk

_____

SUZANNA ECKCHUM

Appellant,

v.

THE STATE OF TEXAS FOR THE PROTECTION OF HAL KETCHUM

Appellee.

_____

ON APPEAL FROM THE COUNTY COURT AT LAW NO. 2
OF COMAL COUNTY
CAUSE NO. C2014-1690C

_____

## APPELLANT'S UNOPPOSED MOTION TO CONSOLIDATE OR, ALTERNATIVELY, TO DISMISS

_____

Mysha Lubke
BAKER BOTTS L.L.P.
State Bar No. 24083423
98 San Jacinto Blvd., Suite 1500
Austin, TX 78701
(512) 322-2500
(512) 322-2501 (fax)
mysha.lubke@bakerbotts.com

ATTORNEY FOR APPELLANT

Active 19110575.1                    1

TO THE HONORABLE THIRD COURT OF APPEALS:

This appeal, Cause No. 03-15-00270-CV, is a duplicate of Cause No. 03-15-00107-CV, currently abated on appeal in this Court. Accordingly, the Court should consolidate these two appeals under Cause No. 03-15-00107-CV or, alternatively, dismiss this Cause No. 03-15-00270-CV.

On February 17, 2015, Appellant Suzanna Eckchum's notice of appeal from the trial court's "Stalking Protective Order" was filed in this Court under cause number 03-15-00107. On March 13, 2015, this Court abated and remanded that appeal to the trial court for a hearing on Appellant's affidavit of indigence. Hearings on Appellant's affidavit of indigence as well as Appellant's motion for new trial filed on February 19, 2015 were set for April 2, 2015. The hearing on Appellant's affidavit of indigence was waived, but the trial court heard argument on Appellant's motion for new trial on April 2, 2015.

After the hearing, the trial court signed an "Amended Stalking Protective Order" on April 7, 2015. Out of an abundance of caution,[1] Appellant filed a second notice of appeal of this April 7, 2015 "Amended Stalking Protective Order" on May 5, 2015 to include the trial court's amended order within the abated

[1] *See Matter of R.A.*, 14-11-00570-CV, 2015 WL 1956882, at *8 (Tex. App.—Houston [14th Dist.] Apr. 30, 2015, no. pet. h.) (concluding the appellate court lacked appellate jurisdiction under Tex. R. App. P. 27.3 of a second order in the same matter and based on the same facts as the first order for which a notice of appeal was filed because the trial court did not address, in the second order, whether the first order was being modified, vacated, or replaced).

appeal. This notice of appeal was assigned cause number 03-15-00270-CV. As a result, there are now two appeals of substantially similar stalking protective orders signed by the same judge, under the same trial court cause number, involving the exact same parties and issues, and for which the same records and documents have been filed or are due to be filed in this Court.[2]

This Court has not yet reinstated the first appeal of the trial court's "Stalking Protective Order." In the interest of justice and judicial efficiency, and to promote the expedient and economical resolution of these appeals, this Court should reinstate the first appeal and consolidate both appeals under the first cause number 03-15-00107. *See Berger v. Flores*, 03-10-00874-CV, 2012 WL 4477405, at *1 (Tex. App.—Austin Sept. 28, 2012, no pet.) (consolidating two appeals from the same parties and trial court cause numbers); *Livingston v. Arrington*, 03-11-00197-CV, 2011 WL 2297705, at *1 (Tex. App.—Austin June 10, 2011, no pet.) (consolidating two appeals from a trial court's oral ruling and later corresponding written order). Alternatively, this appeal under cause number 03-15-00270 should be dismissed, and under Texas Rule of Appellate Procedure 27.3, this Court should treat the first appeal as from the subsequent, amended order and treat actions

---

[2] The reporter's record in the first cause number 03-15-00107-CV has been requested before and after the scheduled hearing on Appellant's affidavit of indigence, but has not yet been filed. Thus, no reporter's record has been filed in either appeal. The first cause number includes a clerk's record, and a supplemental clerk's record has been requested to be filed in the first cause number, as well.

relating to the first appeal, as relating to the appeal of the subsequent, amended order.

This Motion is filed in good faith and in the reasonable belief that it should be granted and that no prejudice will result to any party if the Motion is granted.

Respectfully submitted,

By: */s/ Mysha Lubke*
    Mysha Lubke
    State Bar No. 24083423
    mysha.lubke@bakerbotts.com
    BAKER BOTTS L.L.P.
    98 San Jacinto Blvd., Suite 1500
    Austin, TX 78701
    Telephone: (512) 322-2500
    Facsimile: (512) 322-2501

    ATTORNEY FOR APPELLANT
    SUZANNA ECKCHUM

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Appellant Suzanna Eckchum conferred with Josh Presley, counsel for the State of Texas for the Protection of Hal Ketchum on May 11, 2015 and determined that the State of Texas does not oppose this request.

/ s / Mysha Lubke
Mysha Lubke

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served by electronic filing and fax on May 11, 2015:

***Counsel for the State of Texas for the Protection of Hal Ketchum:***

The Honorable Jennifer A. Tharp
Comal County Criminal District Attorney
150 North Seguin, Suite 370
New Braunfels, Texas 78130
preslj@co.comal.tx.us
fax: 830-608-2008

/ s / Mysha Lubke
Mysha Lubke